SCANNED

# IN THE CIRCUIT COURT FOR
# PRINCE GEORGE'S COUNTY, MARYLAND

**LIONEL MERIDETH**
**3801 IDA COURT**

**DISTRICT HEIGHTS**
Plaintiff,

v.

Ca. No: CAU19-06124

**PRINCE GEORGE'S**
**COUNTY, MARYLAND.**

Serve: Prince Georges
County Executive C/o
County Attorney County
Administration Bldg Upper
Marlboro MD 20772

**PRINCE GEORGE'S**
**COUNTY POLICE**
**OFFICER THOMPSON**
**(JOHN DOE #1)**

**JOHN DOE#2 AND JOHN**
**DOE # 3**

2019 FEB 22 PM 1:57
PR GEO CO MD #16
Clerk of the Circuit Court

Case: CAL19-06124
NEW CASE
APP FEE M ATN         10.00
CU CLERK FEE-         80.00
HD LEGAL SERV         55.00
RTF - NEW CAS         30.00
TOTAL                175.00
Rcpt PC15   Rcpt # 67919
RH     JED      Blk # 962
Feb 22, 2019        01:49 pm

## COMPLAINT
(False Imprisonment; 42 U.S.C. § 1983-Unwarranted Seizure & Excessive Force;
Failure to Train and Supervise)

## INTRODUCTION

1. Plaintiff seeks redress for the events and occurrences of February 25, 2106 when Plaintiff was falsely detained and imprisoned or otherwise arrested by Prince Georges County Police Officers.

## JURISDICTION

-1-

2. Tortious conduct occurred in Prince Georges County, Maryland.

## PARTIES

3. Plaintiff, Lionel Merideth, at all times relevant herein, he has been a resident of Prince Georges county and a citizen of the United States.

4. At all times relevant to this complaint, Officer Thompson, yet to be positively identified is designated in this Complaint as John Doe #1. Yet to be identified Prince Georges County Police Officer John Doe #2 and John Doe #3 of the Prince Georges County Police were duly licensed police officers and employees of Defendant Prince Georges County Police Department. All of the officers were acting within the scope of their authority and under color of law. They are sued in their official and individual capacities.

5. Defendant, Prince Georges County is a municipal corporation with authority to sue and be sued in its corporate name. At all times relevant herein, this defendant was responsible for the policies and procedures utilized by and for the supervision of all Prince Georges County Police Officers.

## STATEMENT OF FACTS

6. On February 25, 2016 Plaintiff Lionel Merideth was shopping at Target Stores 3100 Donnell Drive in District Heights Maryland.

7. Plaintiff purchased electronic items, then went to the charging station to charge up his purchased items.

8. Upon exiting the store and walking roughly 100 yards in front of the nearby Arbys Restaurant, Plaintiff was walking and Officer Thompson (John Doe #1), who had been

-2-

posted up in his vehicle in front of the store, aggressively drove his vehicle to block Plaintiff's path.

9. Officer Thompson then rapidly exited the vehicle and drew and pointed his weapon on the Plaintiff.

10. Officer Thompson then ordered Plaintiff to lie face down on the grown and threatened to use the Taser on Plaintiff.

11. Plaintiff lied down on the ground and was then handcuffed by Thompson (John Doe #1).

12. Plaintiff calmly informed Officer Thomson that he had done nothing wrong and asked what he was being detained for.

13. Officer John Doe #2 and John Doe #3 then pulled up in their squad car and assisted in the arrest and continued detention of Plaintiff and would not free Plaintiff nor allow him to leave.

14. At this point Officer Thompson went back to the Target store, spoke with someone, and then Thompson returned to where Plaintiff was arrested.

15. Thompson then took the handcuffs off of Plaintiff and freed him, explaining that "he had the wrong guy."

16. At all times relevant Plaintiff never displayed any aggressive or threatening behavior towards the officers or any member of the public. At no time did Plaintiff give the Officer any cause whatsoever to use force or justification to restrict his liberty in any.

17. At all times relevant herein, Defendant Prince Georges County maintains a police department which operates under and administers a set of law enforcement policies,

practices and customs involving hiring, training and supervision of its officers. These policies, practices and customs include contacts and detainments and arrests for alleged weapons possessions violations.

18. Previous violations of the citizen's constitutional rights had been occurring in Prince George's County for some time before Plaintiff's February 25, 2016 adverse encounter

with Officers Thompson (John Doe #1), John Doe #2 an John Doe #3. Prince George's County Police routinely use unconstitutional force and unconstitutional seizure as a pattern and practice.

19. The inadequate training of Prince Georges County of it officers was the proximate cause of the officers assaulting plaintiff, threatening Plaintiff with a gun, and arresting Plaintiff without cause rather than properly question Plaintiff about an alleged crime on the date of February 25, 2016.

20. Prince Georges County, and its supervisory Police command, with actual notice and deliberate indifference, failed to properly train the defendant officers properly according to the level of training needed in order to curb or halt these Constitutional violations.

**COUNT I**
**(False Imprisonment/False Arrest)**

21. Plaintiff incorporates by reference paragraphs 1 through 18, as if fully set forth herein.

SCANNED

22. Defendants Officer Thompson (John Doe #1), John Doe #2, John Doe #3 officers wrongfully arrested and committed false imprisonment upon the plaintiff without any justifiable cause whatsoever. The officers had no information that any crime had been committed and no reason to believe Plaintiff had or was intending to commit a crime. Probable cause for the arrest was lacking.

23. As a direct proximate result of the false arrest / imprisonment of the Plaintiff by the Defendants, the Plaintiff suffered discomfort, distress and loss of liberty; and has suffered, and will continue to suffer, mental anguish, humiliation and embarrassment from the indignity and disgrace of being illegally detained, manhandled and otherwise grossly mistreated.

24. At the time that the above referenced false imprisonment was committed upon Plaintiff, the defendant officers were acting within the scope of their employment for and at the direction of defendant Prince Georges County.

WHEREFORE, the Plaintiff demands judgment against the defendants Officer Thompson (John Doe #1) and Officers John Doe #2 and John Doe #3 in the full and just amount of Five Hundred Thousand ($500,000.00), in compensatory and punitive damages plus interest and costs.

### COUNT II

### (Deprivation of Civil Rights, 42 U.S.C. § 1983)

25. Plaintiffs incorporate paragraphs 1-23 as if fully set forth herein.

26. Plaintiff further alleges that the defendant officers, with deliberate

indifference to and in reckless disregard for the safety and well-being of the Plaintiff and in violation of the 4th Amendment to the Constitution, did on February 25, 2016 commit acts which deprived Plaintiff of his Constitutional right to be free from an unreasonable seizure and excessive force.

27. Plaintiff alleges Defendant Officer Thompson (John Doe #1) and Officers John Doe #2 and John doe #3 wrongfully seized and arrested Plaintiff when clearly no seizure nor any force was warranted against his person under the circumstances.

28. As a direct and proximate result of the actions of the Defendant officers, Plaintiff was deprived of his liberty and injured by the Defendant police officers, acting outside the parameters of law and decency.

WHEREFORE, Plaintiff demands judgment against Defendants, in the full and fair amount of Five Hundred Thousand ($500,000.00), in compensatory damages and punitive damages plus interest and costs.

### COUNT III

### (42 U.S.C. § 1983 Failure To Train Supervise And Discipline against Defendant Prince Georges County)

29. Plaintiffs incorporate, by reference, paragraphs 1 through 27 as is fully set forth herein.

30. Prince Georges County acted negligently, carelessly, recklessly and with deliberate indifference to the safety of the Plaintiff, and the citizens of Prince

Georges County by failing to properly train, supervise, control, direct, monitor and discipline its officers in their duties and responsibilities.

31. Citizen complaints, lawsuits and public records verify that Price Georges County is specifically aware that its officers have committed, and are likely to commit constitutional violations of the type that Plaintiff suffered here.

32. As a direct and proximate result of the acts and omissions and deliberate indifference of defendant Prince Georges County, Plaintiff Lionel Merideth. was wrongfully and unlawfully arrested and imprisoned. Defendant Prince Georges County, had actual knowledge that its officer employees were arresting persons without probable cause, seizing citizens without justification and imprisoning persons without just cause.

Wherefore, the Plaintiff demands judgment against the Defendant in the full and just amount of Three Million Dollars ($500,000.00) in compensatory damages, plus interest and costs.

Wherefore, the Plaintiff demands judgment against the Defendant in the full and just amount of Three Million Dollars ($500,000.00) in compensatory damages, plus interest and costs.

**JURY DEMAND**

The Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

-7-

SCANNED

Malik Z. Shabazz, Esq.
6305 Ivy Lane
Suite #608
Greenbelt, MD 20770
Attorney.shabazz@yahoo.com