IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

LIONEL MERIDETH
3801 Ida Court
District Heights, Maryland 20747

    Plaintiff,

v.

PRINCE GEORGE'S COUNTY
14741 Governor Oden Bowie Drive
Upper Marlboro, Maryland 20772

  Served on:
   Rhonda Weaver
   Acting County Attorney
   14741 Governor Oden Bowie Drive
   Upper Marlboro, Maryland 20772

OFFICER THOMPSON (JOHN DOE #1),
individually and in his official capacity
7600 Barlowe Road
Landover, Maryland 20785

OFFICERS JOHN DOE #2 AND JOHN
DOE #3, individually and in their official
capacity
7600 Barlowe Road
Landover, Maryland 20785

    Defendants.

Case No: CAL 19-06124

## AMENDED COMPLAINT
(False Imprisonment; 42 U.S.C. § 1983-Unwarranted Seizure & Excessive Force;
Failure to Train and Supervise)

### INTRODUCTION

1. Plaintiff seeks redress for the events an10d occurrences of February 25, 2016 when Plaintiff was falsely detained and imprisoned or otherwise arrested by Prince Georges County Police Officers.

## JURISDICTION

2. Tortious conduct occurred in Prince Georges County, Maryland.

## PARTIES

3. Plaintiff, Lionel Merideth, at all times relevant herein, he has been a resident of Prince George's County and a citizen of the United States.

4. At all times relevant to this complaint, Officer Thompson, yet to be positively identified, is designated in this Complaint as John Doe #1. Yet to be identified Prince George's County Police Officer John Doe #2 and John Doe #3 of the Prince George's County Police were duly licensed police officers and employees of Defendant Prince George's County Police Department. All of the officers were acting within the scope of their authority and under color of law. They are sued in both their official and individual capacities.

5. Defendant, Prince George's County is a municipal corporation with authority to sue and be sued in its corporate name. At all times relevant herein, this defendant was responsible for the policies and procedures utilized by and for the supervision of all Prince George's County Police Officers.

## STATEMENT OF FACTS

6. On February 25, 2016, Plaintiff Lionel Merideth (hereinafter, "Plaintiff") was shopping at Target Stores located at 3100 Donnell Drive in District Heights, Maryland 0

7. Plaintiff purchased electronic items, then went to the charging station to charge up his purchased items.

8. ~~Upon exiting~~ **As Plaintiff was exiting** the store and upon walking roughly 100 yards in front of the nearby Arby's Restaurant, Officer Thompson (John Doe #1), who had been posted up in his vehicle in front of the store, aggressively drove his vehicle to block Plaintiff's path.

9. Officer Thompson then rapidly exited the vehicle and exhibited and pointed his weapon on the Plaintiff.

10. Officer Thompson then ordered Plaintiff to lie face down on the grown and threatened to use the taser on Plaintiff.

11. Plaintiff laid down on the ground and was then handcuffed by Thompson (John Doe #1).

12. Plaintiff calmly informed Officer Thompson that he had done nothing wrong and asked what he was being detained for.

13. Officer John Doe #2 and Officer John Doe #3 then pulled up in their squad car and assisted in the arrest and continued detention of Plaintiff and would not free Plaintiff nor allow him to leave.

14. At this point, Officer Thompson went back into the Target store, spoke with someone, and then Thompson returned to where Plaintiff was arrested.

15. Thompson then took the handcuffs off Plaintiff and freed him, explaining that "he had the wrong guy."

16. At all times relevant, Plaintiff never displayed any aggressive or threatening

behavior towards the officers or any member of the public. At no time did Plaintiff give the Officer any cause whatsoever to use force or justification to restrict his liberty in any.

17. At all times relevant herein, Defendant Prince George's County maintains a police department which operates under and administers a set of law enforcement policies, practices and customs involving hiring, training and supervision of its officers. These policies, practices and customs include contacts and detainments and arrests for alleged weapons possessions violations.

18. Previous violations of the citizen's constitutional rights had been occurring in Prince George's County for some time before Plaintiff's February 25, 2016 adverse encounter with Officers Thompson (John Doe #1), John Doe #2 an John Doe #3. Prince George's County Police routinely use unconstitutional force and unconstitutional seizure as a pattern and practice.

19. The inadequate training of the Prince George's County police officers was the proximate cause of the officers assaulting Plaintiff, threatening Plaintiff with a gun, and arresting Plaintiff without cause, rather than properly question Plaintiff about an alleged crime on the date of February 25, 2016.

20. Prince George's County, and its supervisory Police command, with actual and/or constructive notice and deliberate indifference, failed to properly train the defendant officers according to the level of training needed in order to curb or halt these constitutional violations.

### COUNT I
### (False Imprisonment/False Arrest)

21. Plaintiff incorporates by reference paragraphs 1 through 20, as if fully set forth herein.

-4-

22. Defendants Officer Thompson (John Doe #1), John Doe #2, and John Doe #3 officers wrongfully arrested and committed false imprisonment upon Plaintiff without any justifiable cause whatsoever. The officers had no information that any crime had been committed and no reason to believe Plaintiff had or was intending to commit a crime, as probable cause for the arrest was lacking.

23. As a direct proximate result of the false arrest/false imprisonment of Plaintiff by the Defendants, Plaintiff suffered discomfort, distress and loss of liberty; and has suffered, and will continue to suffer, mental anguish, humiliation and embarrassment from the indignity and disgrace of being illegally detained, manhandled and otherwise grossly mistreated.

24. At the time that the above referenced false imprisonment was committed upon Plaintiff, the defendant officers were acting within the scope of their employment for and at the direction of defendant Prince George's County.

WHEREFORE, Plaintiff demands judgment against Defendants Officer Thompson (John Doe #1) and Officers John Doe #2 and John Doe #3 in the full and just amount of Five Hundred Thousand ($500,000.00), in compensatory and punitive damages plus interest and costs.

### COUNT II

### (Deprivation of Civil Rights, 42 U.S.C. § 1983)

25. Plaintiff incorporates paragraphs 1-24 as if fully set forth herein.

26. Plaintiff further alleges that the defendant officers, with deliberate indifference to and in reckless disregard for the safety and well-being of the Plaintiff and in violation of the 4th Amendment to the Constitution, did on February 25, 2016 commit acts which

deprived Plaintiff of his constitutional right to be free from an unreasonable seizure and excessive force.

27.  Plaintiff alleges Defendant Officer Thompson (John Doe #1) and Officers John Doe #2 and John Doe #3 wrongfully seized and arrested Plaintiff when clearly no seizure nor any force was warranted against his person under the circumstances.

28.  As a direct and proximate result of the actions of the Defendant officers, Plaintiff was deprived of his liberty and injured by the Defendant police officers, acting outside the parameters of law and decency.

WHEREFORE, Plaintiff demands judgment against Defendants, in the full and fair amount of Five Hundred Thousand ($500,000.00), in compensatory damages and punitive damages plus interest and costs.

## COUNT III

### (42 U.S.C. § 1983 Failure To Train Supervise And Discipline against Defendant Prince Georges County)

29.  Plaintiff incorporates, by reference, paragraphs 1 through 28 as is fully set forth herein.

30.  Prince George's County acted negligently, carelessly, recklessly and with deliberate indifference to the safety of the Plaintiff, and the citizens of Prince George's County by failing to properly train, supervise, control, direct, monitor and discipline its officers in their duties and responsibilities.

31.  Citizen complaints, lawsuits and public records verify that Price George's

County is specifically aware that its officers have committed, and are likely to commit constitutional violations of the type that Plaintiff suffered here.

33. As a direct and proximate result of the acts and omissions and deliberate indifference of defendant Prince George's County, Plaintiff Lionel Merideth. was wrongfully and unlawfully arrested and imprisoned. Defendant Prince George's County, had actual and/or constructive knowledge that its officer employees were arresting persons without probable cause, seizing citizens without justification and imprisoning persons without just cause.

WHEREFORE, the Plaintiff demands judgment against the Defendant in the full and just amount of Three Million Dollars ($500,000.00) in compensatory damages, plus interest and costs.

WHEREFORE, the Plaintiff demands judgment against the Defendant in the full and just amount of Three Million Dollars ($500,000.00) in compensatory damages, plus interest and costs.

## JURY DEMAND

The Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Malik Z. Shabazz, Esq.
6305 Ivy Lane
Suite #608
Greenbelt, MD 20770
Attorney.shabazz@yahoo.com